UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:13-CV-106-F

| | | |
|---|---|---|
| MARCO JULIO PALENCIA CATALAN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| HOUSE OF RAEFORD, | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Defendant House of Raeford's motion for summary judgment [DE-15]. Catalan did not file a response brief and the matter is now ripe for ruling. For the reasons that follow, the motion is ALLOWED and Catalan's claims are DISMISSED.

## FACTUAL AND PROCEDURAL BACKGROUND

Catalan, proceeding pro se, alleges that House of Raeford discriminated against him on the basis of his Latino race when it failed to promote him to a supervisor position and ultimately terminated his employment. Specifically, Catalan alleges he was "the only person whose position was taken away and given to another person without any experience and time working with the company." Compl. [DE-1-1] ¶¶ 4, 9.

House of Raeford is a large poultry processing facility located in Rose Hill, N.C., which employs between 650 and 700 employees. Between 2009 and 2011, Catalan was employed as a "line leader" in the Debone Department. Although it is not entirely clear from the record, presumably the "Debone Department" is responsible for removing the bones from the chicken as they pass down the production line. Catalan's responsibilities included training line staff

members to make proper cuts to the chicken and filling in on the production line if an employee was absent. House of Raeford's employee structure is organized generally as follows: production line worker; line leader; supervisor; department manager. At the time he was hired, Catalan reported to his immediate supervisor, Amado Rosales, who is of Hispanic descent, and David Knowles, the department manager.

As part of a significant restructuring of the Rose Hill facility, House of Raeford eliminated four line leader positions in the Debone Department, including Catalan's. The four line leaders were all offered other positions within the company. House of Raeford promoted one of the former line leaders, Shearon Hayes, an African American female, to debone supervisor. The others, including Catalan, were offered lower-paying positions. Catalan apparently applied for the supervisor position but House of Raeford hired Hayes instead. Catalan also alleges that Hayes was promoted to supervisor "without any experience and time working with the company." Compl. [DE-1] ¶ 4. However, the uncontradicted record evidence reveals that Hayes was hired just three weeks after Catalan and that prior to her employment with House of Raeford she worked at a pork processing facility for seventeen years, ten of which in a leadership capacity.

In addition to the eliminated positions in the Debone Department, House of Raeford eliminated a number of employee positions throughout the facility, including line leader, supervisory and managerial positions. Employees who lost their positions included five African Americans, one Hispanic supervisor, and three Caucasian employees. When Catalan learned that House of Raeford hired Hayes instead of him for the supervisor position, he declined the lower-paying position and initiated the instant litigation.

The court entered a scheduling order in this case after Catalan failed to join House of Raeford's proposed plan or submit his own proposal. Scheduling Order [DE-14]. The scheduling order provided that dispositive motions must be filed by February 24, 2014. House of Raeford timely submitted its motion for summary judgment. In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court provided Catalan with notice of the potentially-dispositive motion and notified Catalan that he may not rely on the allegations in his pleadings to respond to the motion. The court emphasized that "a response in opposition to the motion . . . for summary judgment must be filed on or before March 20, 2014." Roseboro Letter [DE-17]. In response, Catalan filed a number of handwritten responses to requests for admission/production and interrogatories propounded by House of Raeford, and nothing else. To the extent that the answers are comprehensible and otherwise legitimate summary judgment evidence, the court considers the evidence as Catalan's opposition to House of Raeford's motion.

## DISCUSSION

**A. Standard of Review**

On a motion for summary judgment, the court must examine the evidence presented by both parties and determine if there is a need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Greater Balt. Ctr. for Pregnancy Concerns, Inc.* v. *Mayor & City Council of Balt.*, 721 F.3d 264, 283 (4th Cir. 2013). The court examines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986); *see also* Fed. R. Civ. P. 56(a). Where the moving party shows that the evidence is so one-sided that it should prevail as a matter of law, the burden shifts to the

3

nonmoving party to come forward with affidavits, depositions, answers to interrogatories, or other evidence demonstrating that there is a genuine issue of material fact that requires trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986); *Matsushita*, 475 U.S. at 587; *Pension Ben. Guar. Corp. v. Beverly*, 404 F.3d 243, 246-47 (4th Cir. 2005). An issue of fact is genuine if a reasonable jury could find for the nonmoving party. *Liberty Lobby*, 477 U.S. at 248. A fact is material if proof of the fact might affect the outcome of the case under the substantive law. *Id.* The facts should be viewed in the light most favorable to the nonmoving party and all reasonable inferences should be made in favor of the nonmoving party. *Id.* at 255; *Smith v. Va. Commonwealth Univ.*, 84 F.3d 672, 675 (4th Cir. 1996).

In response to a motion for summary judgment, a party may submit his own answers to interrogatories. *Planmatics, Inc. v. Showers*, 137 F. Supp. 2d 616, 621 (D. Md. 2001). However, the answers must be admissible under the Federal Rules of Evidence. *See Rohrbough v. Wyeth Labs. Inc.*, 916 F.2d 970, 973 (4th Cir. 1990). In addition, courts typically require that the answers satisfy the requirements for consideration of affidavits, particularly the requirement that the answers be based upon personal knowledge. *See Schwartz v. Compagnie Gen. Transatlantique*, 405 F.2d 270, 273 n.1 (2d Cir. 1968); *Planmatics*, 137 F. Supp. 2d at 622.

**B. Analysis**

Catalan's handwritten complaint and the answers to interrogatories are scant on detail, but it appears he alleges employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* [Title VII]. Specifically, Catalan contends that House of Raeford failed to promote him and ultimately fired him on the basis of his race, in violation of Title VII. Title VII makes it "an unlawful employment practice for an employer . . . to

discharge . . . any individual . . . or otherwise discriminate against any individual . . . because of such individual's . . . race . . . ." 42 U.S.C. § 2000e-2(a)(1). Title VII plaintiffs may establish a claim for intentional discrimination by two methods of proof. The first method is by

> demonstrating through direct or circumstantial evidence that . . . discrimination motivated the employer's adverse employment decision. The employee, however, need not demonstrate that the prohibited characteristic was the sole motivating factor to prevail, so long as it was a motivating factor. In such cases, historically referred to as "mixed-motive" cases, it is sufficient for the individual to demonstrate that the employer was motivated to take the adverse employment action by both permissible and forbidden reasons.

*Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284 (4th Cir. 2004) (en banc). If a plaintiff makes such a showing, the defendant may limit the remedies available to the plaintiff by showing that it would have made the same decision absent any discriminatory animus. *Id.*

In the absence of any such evidence, the plaintiff must proceed under the second method of proof: the burden-shifting pretext framework, as espoused in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Hill*, 354 F.3d at 285. Under the familiar *McDonnell Douglas* scheme, a plaintiff first must establish a *prima facie* case of discrimination. *See id.*, 411 U.S. at 802. If the plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the defendant to produce a legitimate, nondiscriminatory reason for the adverse employment action. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). If the defendant meets its burden of production, the presumption of discrimination created by the *prima facie* case disappears from the case, and the plaintiff then must prove that the defendant's articulated reason was a pretext for unlawful discrimination. *See id.* at 253-55. In light of *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000), a plaintiff is no longer required to show pretext *plus* some additional evidence of discrimination. *Id.* at 148; *see Rowe v. Marley Co.*, 233 F.3d

5

825, 830 (4th Cir. 2000). Thus, the burden to demonstrate pretext "merges with the ultimate burden of persuading the court that [the plaintiff] has been the victim of intentional discrimination." *Burdine*, 450 U.S. at 256.

As a threshold issue, Catalan failed to meaningfully respond to most of House of Raeford's motion for summary judgment. House of Raeford has come forward with evidence establishing the following facts: (1) its chicken processing plant went though a substantial restructuring in which numerous employees of multiple different racial backgrounds lost their employment or were demoted; (2) Catalan was demoted as part of the overall restructuring process; (3) Shearon Hayes was imminently qualified for the supervisor position that Catalan suggests he did not receive based on his race. Because Catalan failed to address (let alone rebut) any of these facts in his response to the motion for summary judgment, they are taken as uncontroverted for purposes of deciding the motion for summary judgment. *See Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993).

Catalan has failed to provide any direct or circumstantial evidence of racial discrimination. He does not provide any direct evidence, such as comments from his superiors, that suggests he was demoted and ultimately fired on the basis of his race. Nor does he submit any circumstantial evidence that allows the court to infer that he was the victim of unlawful discrimination. The fact that an African American employee who was employed with the company for a shorter time frame than Catalan[1] received the promotion instead of him simply does not provide direct or circumstantial evidence of discrimination, especially in light of her

---

[1] House of Raeford has provided uncontradicted evidence that Ms. Hayes was hired just three weeks after Catalan.

6

Case 7:13-cv-00106-F   Document 23   Filed 04/24/14   Page 6 of 11

extensive qualifications for the position. Moreover, the circumstantial evidence in this case actually supports House of Raeford's position that Catalan was not the victim of discriminatory employment practices. The fact that employees from a variety of racial backgrounds were fired or demoted supports the position that Catalan was demoted as part of the corporate restructuring process, not on the basis of his race.

As noted, in the absence of direct or circumstantial evidence of discrimination, Catalan may also demonstrate discrimination using the burden-shifting pretext framework. Under the familiar *McDonnell Douglas* scheme, a plaintiff first must establish a *prima facie* case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. It appears Catalan brings two separate discrimination claims: (1) that House of Raeford failed to promote him based on his race; and (2) that House of Raeford demoted him based on his race.[2] To establish a *prima facie* case of failure to promote, Catalan must establish that he (1) was a member of a protected group; (2) that he applied for the position in question; (3) that he was qualified for the position; and (4) that he was rejected for the position under circumstances that give rise to an inference of unlawful discrimination. *Bryant v. Aiken Reg'l Med. Ctrs., Inc.*, 333 F.3d 536, 544-45 (4th Cir. 2003). A *prima facie* case of discriminatory demotion, in turn, requires proof that Catalan: (1) was a member of a protected class; (2) was qualified for his job and his job performance was satisfactory; (3) that, in spite of his qualifications and performance, he was demoted from that

---

[2] House of Raeford describes the claim as discriminatory termination and it is true that Catalan alleges that "they discriminated me [sic] and fired me." However, as House of Raeford notes, it does not appear that Catalan was actually fired by House of Raeford. Instead, he was offered a lower-paying position, which he refused. As such, Catalan's claim is more properly characterized as discriminatory demotion. In any event, the standards for evaluating discriminatory demotion and discriminatory termination are virtually identical. *Compare Mathews v. Denver Newspaper Agency, LLP*, 649 F.3d 1199, 1208 (10th Cir. 2011), *with Williams v. Cerberonics, Inc.*, 871 F.2d 452, 455 (4th Cir. 1989).

7

job; and (4) that the position remained open to similarly qualified applicants after his dismissal. *Mathews*, 649 F.3d at 1208.

In effect, Catalan's sole evidence offered in response to House of Raeford's motion for summary judgment consists of the following answers to interrogatories: (1) "Carter Crandel demoted me in order for House of Raeford to promote an African American female with no experience and I having no oral/written actions, warnings or any other type of notice by the company for poor performance"; and (2) "Pamela Gum influenced Carter Crandel to demote me and hire the African American female because she was her friend and Carter gave Pamela authorization to demote me when Carter Crandel made Pamela Gum department manager." Pl.'s Resp. to Def.'s Interrogatories [DE-19] at 2. Catalan's evidence utterly fails to demonstrate that a genuine issue of material fact precludes entry of summary judgment in favor of House of Raeford under the *McDonnell Douglas* burden-shifting framework.

Even assuming Catalan has provided sufficient evidence to establish a *prima facie* case of failure to promote, House of Raeford has come forward with evidence demonstrating a legitimate, nondiscriminatory reason for the decision. *See McDonnell Douglas*, 411 U.S. at 802 (explaining if plaintiff can establish a *prima facie* case of discrimination, burden shifts to employer to provide legitimate, nondiscriminatory reason for decision). House of Raeford submits that it hired Hayes because she had extensive experience working in food processing plants in leadership capacities. Once House of Raeford provided a legitimate reason for the decision, the burden shifted to Catalan to prove that the articulated reason was a pretext for unlawful discrimination. *Burdine*, 450 U.S. at 253-55. Catalan may satisfy this burden by

8

demonstrating the falsity of House of Raeford's proffered explanation, which allows the court to infer that the stated reason was pretextual. *See Rowe*, 233 F.3d at 830.

Catalan has failed to meet this burden. Catalan has not produced any competent evidence suggesting House of Raeford's articulated reason was false or otherwise a pretext for unlawful discrimination. His conclusory allegation that Hayes "has no experience" is not sufficient. As House of Raeford's sworn affidavit testimony indicates, Hayes was hired based on her prior experience in leadership positions at large food processing plants. *See* Blanton Aff. [DE-15-1] ¶ 12. Catalan fails to provide any evidentiary support for his claim that Hayes has "no experience." The court has no way of knowing, based on the statement alone, whether Catalan is referring to Hayes's term of employment with House of Raeford (which was slightly shorter than Catalan's) or her work experience prior to joining House of Raeford (which is House of Raeford's stated reason for hiring her). In the absence of evidence directly addressing House of Raeford's stated reason for hiring Hayes, Catalan cannot meet his burden under *McDonnell Douglas* of showing that the articulated reason was false or otherwise a pretext for unlawful discrimination.

To summarize, the court concludes that Catalan has failed to produce sufficient evidence of failure to promote under either method of proof. There is simply no direct or circumstantial evidence that Catalan was not hired for the supervisor position on the basis of his race. In addition, under the *McDonnell Douglas* burden-shifting framework, Catalan has failed to produce any evidence that House of Raeford's articulated reason for hiring Hayes instead of him was a pretext for unlawful discrimination. Accordingly, House of Raeford's motion for summary judgment on the failure to promote claim is ALLOWED and the claim is DISMISSED.

Turning to Catalan's claim of discriminatory demotion, the court finds that Catalan has not produced sufficient evidence to establish a *prima facie* case of discriminatory demotion. As noted, a *prima facie* case of discriminatory demotion requires, among other things, a showing that the position was not eliminated. *See Mathews*, 649 F.3d at 1208. House of Raeford has submitted uncontradicted evidence that Catalan's "line supervisor" position was eliminated as part of an overall corporate restructuring process. Catalan's submissions do not challenge this factual assertion and it is therefore taken as true for purposes of deciding House of Raeford's motion for summary judgment. *See Custer*, 12 F.3d at 416 (explaining uncontroverted factual evidence submitted in connection with a motion for summary judgment is taken as true). Because House of Raeford eliminated the position, there can be no claim for discriminatory demotion. *See Mathews*, 649 F.3d at 1208. Accordingly, House of Raeford's motion for summary judgment on the discriminatory demotion/discriminatory termination claim is ALLOWED and that claim is DISMISSED.

## CONCLUSION

House of Raeford's motion for summary judgment [DE-15] is ALLOWED and Catalan's claims for failure to promote and discriminatory demotion/termination, brought under Title VII of the Civil Rights Act, are DISMISSED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the 23rd day of April, 2014.

                                             *James C. Fox*
                                             JAMES C. FOX
                                             Senior United States District Judge